**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Farid M Rooh-Parvar, | No. CV-26-03528-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| NewLane Finance Company, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court denies.

The Court cannot find that Plaintiff has established the level of financial need that would allow Plaintiff to proceed in forma pauperis. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. . . . As this court has recognized, one need not be absolutely destitute to obtain benefits of the in forma pauperis statute. Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty.") (citations and quotation marks omitted).

Plaintiff's gross monthly income is $5,500. He has one minor daughter. Plaintiff's monthly income equates to an annual income of approximately $66,000, which far exceeds the current federal poverty guidelines for a two-person household ($21,640).[1] *Badillo v.*

---

[1]   *Available at* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines/prior-hhs-poverty-guidelines-federal-register-references/2026-poverty-

*Comm'r of Soc. Sec.*, 2020 WL 2494575, *3 (E.D. Cal. 2020) ("In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services.").  Plaintiff's expenses are high ($4,519 per month), but they do not reflect unusual circumstances that are beyond Plaintiff's control (*e.g.*, high medical bills), aside from paying $100 per month in alimony and/or child support.  Thus, Plaintiff can "pay the court costs and still afford the necessities of life."  *Escobedo*, 787 F.3d at 1234.  "Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses."  *Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, *2 (E.D. Cal. 2025).

Plaintiff asserts that divorce "has taken everything" he had (Doc. 2 at 5), and the Court notes that the allegations in the complaint point to business losses (Doc. 1), such that Plaintiff, a doctor and business owner, is presently enduring financial difficulties to which he is not accustomed.  "The Court is sympathetic to Plaintiff's financial constraints, [but] to qualify for IFP status, a plaintiff must be experiencing such poverty that the plaintiff cannot reasonably pay court costs without forgoing the normal necessities of life."  *Reardon v. O'Malley*, 2024 WL 2160514, *2 (D. Idaho 2024).

Accordingly,

**IT IS ORDERED** that Plaintiff's application for leave to proceed in forma pauperis (Doc. 2) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff must pay the filing fee by **June 25, 2026**.

**IT IS FURTHER ORDERED** that the Clerk of Court, without further notice, shall dismiss this case without prejudice if Plaintiff fails to pay the filing fee by **June 25, 2026**.

**IT IS FURTHER ORDERED** granting the motion to allow electronic filing by a party appearing without an attorney (Doc. 4) in this case only.  The party is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic

guidelines-computations

Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, complete the necessary forms to register as a user with the Clerk's Office within five days of the date of this Order (if not already on file), register as a subscriber to PACER (Public Access to Electronic Records) within five days of the date of this Order (if this has not already occurred), and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002. Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.

Dated this 4th day of June, 2026.

_____
Dominic W. Lanza
United States District Judge

- 3 -